IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMEON COLE, R13404, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-01059-JPG-PMF |
| | ) |
| CEDRICK L. JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 27) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Request for a Temporary Restraining Order and a Preliminary Injunction (Doc. 18). Plaintiff filed objections (Doc. 42) to the R & R on January 5, 2015. Objections to the R & R were due on or before December 18, 2014; however, given the potential of delay during the holiday season, the Court will accept and consider Plaintiff's objections (Doc. 42). The Court is also construing Plaintiff's Motion (Doc. 40) for Reconsideration as objections to the R & R.

The Plaintiff also has pending a Motion for Status Hearing (Doc. 17); Motion to Notify (Doc. 23); Motion to Notify and Compel (Doc. 25); and Motion to Notify (Doc. 34) that the Court will address within this Order.

With regard to Plaintiff's Motion for Status Hearing (Doc. 17) filed on November 12, 2104, a hearing was conducted on November 24, 2014. As such, the Plaintiff had the opportunity to inquire as to the status of this matter at the hearing and the Plaintiff's Motion (Doc. 17) for Status Hearing is **DENIED** as moot.

With regard to Plaintiff's Motion to Notify (Doc. 23) addressing Plaintiff's mail, Plaintiff's mail issues were also heard at the November hearing and addressed in the

R & R. Therefore, Plaintiff's Motion to Notify (Doc. 23) is **DENIED** as moot. Plaintiff's Motion to Notify (Doc. 23) also contains a request for instruction on the proper caption for this matter. Although a proper caption is an administrative matter – and not an appropriate issue for a motion - the Court will clarify that the caption of this matter remains the same, "Cole v. Johnson" and will only change if leave is granted and an amended complaint is filed.

The first issue in Plaintiff's Motion to Notify and Compel (Doc. 25) is the same issue she[1] presented in her Motion for Temporary Restraining Order (Doc. 18) - removal from perioral status and return to double cell status. That issue was addressed at the hearing and within the R & R. Therefore, the issue is moot within this motion.

The second issue with Plaintiff's Motion to Notify and Compel (Doc. 25) is a request to have inmate Erik Mills moved into her cell so that she may assist him in his legal filings. There is no constitutional or statutory right to counsel in federal civil cases. *Pruitt*, 503 F.3d at 656; *see Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Further, meddling in the affairs of prison administration is not something the federal courts are eager to do, nor well suited for. The Supreme Court recognizes these concerns and stated the following:

> "[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters… [J]udicial deference is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L. Ed. 2d 447 (1979).

---

[1] The Court is using feminine pronouns to refer to the Plaintiff throughout this matter for consistency.

As there is no constitution right to assistance in filing a civil matter, the Court defers to the expert judgment of the corrections facility in cell assignments. As such, Plaintiff's Motion to Notify and Compel (Doc. 25) is **DENIED**.

Plaintiff's Motion to Notify (Doc. 34) is also a statement pertaining to inmate cell placement. Although labeled as a Motion and containing the statement, "Plaintiff prays this court gives her relief," no relief is specifically requested. For the reasons stated above with regard to cell assignments and for the lack of a specific prayer for relief, Plaintiff's Motion to Notify (Doc. 34) is **DENIED**.

Finally, the Court will address the R & R (Doc. 27). The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Plaintiff has filed objections (Docs. 40 & 42) and therefore, the Court reviews the R & R *de novo*. The Magistrate Judge held a hearing on November 24, 2014 and the Plaintiff was present via video. Upon completion of the hearing, the Magistrate Judge prepared the R & R which recommends that the Defendants be ordered to show cause as to why the Plaintiff's mail is being delayed, but recommends that Plaintiff's other requests for injunctive relief be denied.

The issues raised in Plaintiff's Request for injunctive relief (Doc. 17) were: 1) release from predatory status; 2) release of plaintiff's incoming mail; 3) stop co-workers from verbally

3

assaulting her; 4) stop the continuous cell shake downs; 5) stop the shaking of her food trays; 6) not returning her laundry; and 7) transfer to another institution.

Plaintiff's objections (Docs. 42) to the R & R state that the Plaintiff has received increased harassment and threats since the November hearing. She states that, "Defendants have played with plaintiff's medication" and threatened, "...to teach plaintiff Ms. Cole a lesson for filing a lawsuit." The Plaintiff has attached ten (10) affidavits from inmates whom Plaintiff states were assaulted by prison staff and that each affidavit, "…shows how violent officers are, affidavits showing how officers allow homosexuality acts."

Plaintiff's Motion for Reconsideration (Doc. 40) also states that she has received increased harassment from the prison staff in that she has been, " … called a snitch"; has had her handcuffs placed on "extremely tight"; been denied access to the law library; and been denied all segregation privileges. The Motion for Reconsideration contains a prayer for relief for the Court to grant her Motion for Temporary Restraining Order and for a transfer to Pontiac.

The Court will first review the Affidavits provided by the Plaintiff in support of her objections:

 a. The Affidavits of Lonnie Davis, Stacy Eldridge, and Louis White state that on November 30, 2014, Plaintiff declared a hunger strike and that she had to declare it three times prior to any of the prison staff acknowledging it.

 b. The Affidavits of David Henry Stone and Jeffery Butts also addressed the hunger strike, but further state that they heard Plaintiff complain about not receiving her medication.

 c. The Affidavit of Jamil M. Rayford states that he was beaten by correctional officers. He further states that on September 22, 2014, he witnesses the Plaintiff, along with fifteen other inmates, hold their lunch time meal trays in order, "to expose and force the administration to do something about the injustice." It is not clear from the affidavit

4

whether the "holding of their meal trays" was in response to the beating Mr. Rayford describes or whether "the injustice" is a reference to the overall treatment of the inmates from the prison staff.

d. The Affidavit of Dwayne Loyde is clearer in that he states the "holding of their meal trays" was an attempt to talk to the Warden about the officers on the "3 to 11" shift. Mr. Loyde also states that he witnessed inmates being beaten, not being feed, denied mail, and their grievances intercepted.

e. The Affidavit of Corey D. Jones also states he witnessed inmates being beaten in the shower, "when they open their mouths." He states he was refused medical treatment; not feed for three days; and that attempts to communicate with his family pertaining to his treatment were intercepted.

f. The Affidavit of Byron Wzllemans states that he observed C/O Knop unlock the Plaintiff's cell and allowed another inmate to enter and spend time with her. He further states that the majority of the inmates knew of the relationship between the Plaintiff and the other inmate and that he believed that C/O Knop and C/O Checo (*spelling unclear*) should have put a stop to it.

g. There is also an Affidavit from the Plaintiff stating that Warden Duncan was retaliating against her by only answering two out of several grievances.

The Court acknowledges that the affidavits raise concerns about the prison staff and their general treatment of the inmates; however, the affidavits do not address an issue raised in Plaintiff's Request for a Temporary Restraining Order and a Preliminary Injunction (Doc. 18). Even if the Court undertook the most liberal reading of the affidavits in support of Plaintiff's general claim that she fears for her life and possible physical assault, the only named defendant mentioned in Plaintiff's objections is Warden Duncan. Warden Duncan is alleged to have

5

retaliated against the Plaintiff by failing to respond to grievances. However, failing to respond to grievances is also not an issue in the Plaintiff's Request for a Temporary Restraining Order and a Preliminary Injunction.

Arguments raised for the first time in an objection are ordinarily waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Divane v. Krull Electric Co.*, 194 F.3d 845, 849 (7th Cir. 1999). "Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument . . . . Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Melgar*, 227 F.3d at 1040.

By first raising the issue of failure to respond to grievances within the objections, the Magistrate Judge could not address it at the hearing or within the subsequent R & R. Each issue within the Plaintiff's request for injunctive relief was adequately addressed by the Magistrate Judge within the R & R and Plaintiff's objections do not cite to any error of fact and/or law that could indicate that the Magistrate Judge's findings were in error.

The one matter of concern for the Court is whether a transfer or other protective measure is warranted in order to protect Plaintiff from sexual assault or other physical harm. These matters were raised in the complaint and also in the Request for Injunctive relief and objections. However, as noted in the R & R, Plaintiff is in a single person cell in segregation and general assertions that Plaintiff, "fears for her life and possibility of physical assault by staff member" (Doc. 18) and "Plaintiff's life is in danger!" (Doc. 42) are too vague to provide a basis for injunctive relief. There is no indication that Plaintiff is currently housed with a cellmate that

6

poses a danger to Plaintiff's safety or that there has been a threat of physical harm from the prison staff. "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995).

Plaintiff's objections also fail to make a clear showing that she is reasonably likely to succeed on the merits or that she would suffer irreparable harm absent injunctive relief. Other than an additional verbal assault, the other issues raised (hunger strike, holding meal trays, denial of law library, failure to respond to grievances, medical, and denial of privileges) were not part of Plaintiff's request for injunctive relief. The additional verbal assault does not appear to bring the issue to the level of a constitutional violation. Further, the statement, "Defendant Duncan made it very clear that he would be sure to teach plaintiff Ms. Cole a lesson for fileing (sic) a lawsuit," is a general assertion which is too vague to provide a basis for injunctive relief.

As stated above, meddling in the affairs of prison administration is not something the federal courts are eager to do. There is no clear showing that Plaintiff would suffer irreparable harm absent a transfer – only Plaintiff's claim that Pontiac Correctional Officers to do not discriminate against the transgender woman and she would receive better mental health care - which is speculation.

Based on the foregoing, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 27) and **DENIES** Plaintiff's Motion (Doc. 18) for a Preliminary Injunction. Defendants are **DIRECTED** to deliver Plaintiff's mail or **SHOW CAUSE** to this Court as to why it should be withheld.

**IT IS SO ORDERED.**

**DATED:** 2/2/2015          s/J. Phil Gilbert
                                                    **J. PHIL GILBERT
DISTRICT JUDGE**