IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAMEON COLE, R13404,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:14-cv-01059-JPG-PMF |
| | ) |
| **CEDRICK JOHNSON,** *et al.*, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**FRAZIER, Magistrate Judge,**

Before the Court are two motions filed by Movant Calvin Merritte. Merritte is not a party to this litigation but he seeks to intervene in this lawsuit pursuant to Rule 24 of the Federal Rules of Civil Procedure. Merritte also filed a motion for a protective order. For the following reasons, Merritte's Motion to Intervene (Doc. 90) is DENIED and the Motion for Protective order is STRICKEN. (Doc. 91).

Merritte seeks to intervene in this lawsuit "to assert his privacy rights against disclosing his personal information." Merritte and Cole share a mutual animosity for one another and Cole's complaint mentions Merritte. Merritte asserts that he would like to have his name redacted from the Court records because he does not want to be associated with Cole, "a known homosexual." Merritte states in his motion:

> "The citing of Merritte's full name in this matter in past and any future orders or caselaw without his consent, that he will never voluntarily surrender due to the stigma of homosexuality in this nation, is an intentional interference with his interests in solitude or seclusion from public disclosure of private matters he was compelled to endure while fearing that he may be killed or raped and assaulted by the much larger Cole due to his sexual preference against Merritte's desires to not be placed in hostile situations with known and reported enemies (i.e., Cole) and from the publicity that this matter brings on google.com, inter alia, that places Merritte in a false light in the public eye regarding his reputation."

Merritte goes on to mention that he is a "prominent rap artist" and that the association with Cole will negatively affect future business opportunities after he is released from prison. Merritte also states that he has "an interest relating to the amount of damages, if any, or injunctive relief [awarded to Cole]" and that he would like counsel recruited to represent him.

Intervention is "a procedure by which an outsider with an interest in a lawsuit may come in as a party though the outsider has not been named as a party by the existing litigants." 7C Fed. Prac. & Proc. Civ. § 1901 (3d ed.). Rule 24 of the Federal Rules of Civil Procedure allows for two forms of intervention; Rule 24(a) intervention as of right and Rule 24(b) permissive intervention. Pursuant to Rule 24 (a), a court *must* permit a movant to intervene as of right if they are "given an unconditional right to intervene by a federal statute" or if they "[claim] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(b) provides that a court *may* permit a movant to intervene who "is given a conditional right to intervene by a federal statute" or if the movant "has a claim or defense that shares with the main action a common question of law or fact."

Merritte provides insufficient justification for intervention under either standard. This presents the unusual situation where a third party asks the court to seal portions of the record. Generally, when a third party seeks to intervene in regards to confidential documents, the third party is requesting to *lift* a protective order. See, e.g., *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 895 (7th Cir. 1994). Here, Merritte asserts that he should be allowed to intervene to protect his privacy rights. However "[j]udicial proceedings are public rather than private property, and the third-party

effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (internal citations omitted). "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh*, 24 F.3d at 897 (7th Cir. 1994).

In sum, these interests outweigh Merritte's privacy concerns. Merritte has not demonstrated good cause to seal portions of the record. Merritte's motion to intervene (Doc. 90) is DENIED and his motion for protective order is STRICKEN (Doc. 91).

**IT IS SO ORDERED.**

**DATED:  February 12, 2016 .**

 s/ *Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**